UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

STEPHEN CALES,

                                                    Plaintiff,    **COMPLAINT AND**
                                                                  **JURY DEMAND**
                          -against-

THE CITY OF NEW YORK, DETECTIVE KEVIN              DOCKET #
POLLOCK, BADGE #902; JOHN DOE NYPD
EMPLOYEES ##1-5

                                                    Defendants.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth Amendment to the United States Constitution, common law and the laws and Constitution of the State of New York.

2.     The claim arises from a May 27, 2025 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to false arrest and false imprisonment.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.     This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution.  Supplemental jurisdiction is asserted.

5.     Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern

District of New York.

## PARTIES

6.   Plaintiff Stephen Cales is currently and was at all times relevant a resident of North Carolina.  Prior to living in North Carolina, he lived for many years in Brooklyn, NY.

7.   Detective Kevin Pollock and the John Doe Detectives were at all times here relevant employees of the NYPD and are sued in their individual and official capacity.

8.   The City of New York is a municipal corporation organized under the laws of the State of New York.

9.   All other defendants were at all times here relevant employees of the NYPD and are sued in their individual and official capacities.

10.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.   Plaintiff is a long-distance truck driver.  Though he lived for many years in Brooklyn, NY, his residence is now in North Carolina.

12.   Plaintiff learned that Defendant Detective Pollack was looking for him and wanted to speak with him. Plaintiff did not know what it was about but certainly did not believe and had no reason to believe he was under any type of criminal suspicion or that he would be arrested.

13.   He spoke to Defendant Pollack and agreed to travel well out of his way to come to the 72nd Precinct.  On the morning of May 27, 2025, he called Pollack and said he would be arriving at the precinct a little later that morning.

14.   When he walked up to the precinct, officers were apparently waiting for him and

arrested him immediately as he approached the precinct.

15.   He was handcuffed and taken into the station.  His personal items were removed from him and he was searched.  He was made to sit in a room for hours before a detective came into the room to question him.

16.   He was shown a video of a person allegedly committing a crime.  The officers with him demanded that he identify the person as himself.  It was very clearly not him.  They continued to question him about the person and another video, but he had no knowledge of the incident or persons and no information to give.

17.   Instead of releasing him, he was detained and taken to Central Booking in downtown Brooklyn.  After many hours of being in custody, a court officer came to his cell and told him he was free to go.

18.   He was let out a side door of the jail without any explanation, apology, or any way to get back to where he was staying at the time.  He never saw a judge.

19.   A FOIL request with release for any records NYPD possesses in connection with the arrest was served on the NYPD more than 5 months ago as of the date of this Complaint.  No responsive documents were produced.

20.   There was no reasonable suspicion, probable cause, or any other legal justification for Plaintiff's arrest and detention.

21.   Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the City of New York, Comptroller's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

22.   At all times during the events described above, the Defendant police officers were engaged in a joint venture violating Plaintiff's rights.  The individual officers assisted each other

in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

23.    During all the events above described, Defendants acted maliciously and with intent to injure and harm Plaintiff.

24.    As a direct and proximate result of the acts of Defendants, Plaintiff Stephen Cales suffered the following injuries and damages:

   a.    Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

   b.    Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, depression and anxiety;

   c.    Economic damages; and

   d.    Loss of liberty.

### FIRST CAUSE OF ACTION
### (FALSE ARREST AND FALSE IMPRISONMENT)

25.    The above paragraphs are here incorporated by reference.

26.    Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

27.    There was no reasonable expectation of successfully prosecuting Plaintiff.

28.    Plaintiff was aware of his confinement and did not consent.

29.    Defendants either directly participated in his arrest or failed to intervene in the obviously unconstitutional actions of fellow officers despite having the opportunity to do so.

30. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC §1983 and the New York State Constitution.

31. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by Defendants.

## SECOND CAUSE OF ACTION
### (UNLAWFUL SEARCH)

32. The above paragraphs are here incorporated by reference.

33. Defendants subjected Plaintiff to an unlawful search when his body and personal effects were searched after his arrest.

34. Plaintiff did not consent to the search.

35. There was no probable cause or reasonable suspicion to justify his arrest or search.

36. Defendants either directly participated in the search or failed to intervene in the obviously unconstitutional actions of fellow officers despite having the opportunity to do so.

37. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC §1983 and the New York State Constitution.

38. Plaintiff was damaged by the search caused by Defendants.

## THIRD CAUSE OF ACTION
### (ASSAULT)

39. The above paragraphs are here incorporated by reference.

40. Plaintiff was assaulted when he was approached by Defendants in front of the precinct.

41.    Defendants made Plaintiff reasonably fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching without legal justification.

42.    Defendants either directly participated in the assault on Plaintiff or, despite having the opportunity to do so, failed to intervene in the obviously unlawful and unconstitutional acts perpetrated by fellow officers.

43.    Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under New York State and/or common law.

44.    Plaintiff was damaged by Defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY AS TO ALL DEFENDANTS)

45.    The above paragraphs are here incorporated by reference.

46.    Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without legal justification.

47.    Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under New York State and/or common law.

48.    Plaintiff was damaged by Defendant's battery.

### FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR AS TO THE CITY OF NEW YORK)

49.    The preceding paragraphs are here incorporated by reference.

50. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

51. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:     New York, New York
           February 11, 2026

TO:   Defendants                                    Yours, etc.,


                                                    Leo Glickman, Esq.
                                                    Bar #LG3644
                                                    Attorney for Plaintiff
                                                    300 Cadman Plaza W., 12th flr.
                                                    Brooklyn, NY 11201
                                                    (718) 852-3710
                                                    lglickman@stollglickman.com

7